# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| JOSEPH H. McCLAIN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | No. 1:10 CV 324 |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND O R D E R

Joseph H. McClain, a *pro se* prisoner, filed yet another habeas corpus petition attempting to challenge his criminal conviction for rape by the Allen Circuit Court on October 10, 1978. In *McClain v. Duckworth*, 3:96-cv-177 (N.D.Ind. filed March 11, 1996), McClain sought to challenge this same conviction. That previous habeas corpus petition was denied with prejudice and judgment entered on February 25, 1997. In *McClain v. Deuth*, 97-1599, 1998 WL 516804, 1998 U.S. App. LEXIS 13663 (7th Cir. June 25, 1998), the Seventh Circuit affirmed the denial of that prior petition.

This habeas corpus petition is a second or successive petition. As such, this court lacks jurisdiction to hear it. Regardless of whether the claims that McClain is now attempting to present are new or whether they were presented in his previous petition, this one must be dismissed for want of jurisdiction. If the claim was previously presented, it must be dismissed because "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). If the claim was not previously presented,

then it must be dismissed because "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Here, McClain has not obtained an order from the court of appeals permitting him to proceed with any previously unpresented claims. Therefore any previously unpresented claims must be dismissed because "[a] district court <u>must</u> dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).

Normally that would be the end of the analysis and the case would simply be dismissed for want of jurisdiction, but McClain is an abusive filer who has been repeatedly cautioned to stop.[1] Shortly after the Seventh Circuit affirmed the dismissal of his habeas corpus petition on June 25, 1998, he filed an unauthorized successive petition in the Southern District of Indiana. *McClain v. Cohn*, IP99-C-0028 (S. D. Ind. filed January 12, 1999). That case was dismissed for want of jurisdiction on April 5, 1999.

---

[1] Though this case involves habeas corpus proceedings, it is worth noting that McClain is already precluded from filing civil lawsuits without prepayment of the filing fee by 28 U.S.C. § 1915(g). When that limitation proved insufficient to curb him from continuing to file unauthorized civil lawsuits, this court restricted him from filing any civil lawsuits. *See McClain v. Lemmon*, 1:09-cv-220 (N.D. Ind. filed August 10, 2009), ECF 4. That restriction did not preclude him from filing in his old habeas corpus cases nor from initiating new habeas corpus cases. Nevertheless, he has repeatedly attempted to violate that restriction by sending letters to the court, including one as recently as September 24, 2010. *Id*. at ECF 5, 21, 22, and 25. He has also sent two letters containing death threats. *See id*. at ECF 15 and 16.

Then, after that court denied his request to modify the judgment on May 4, 1999, he filed another unauthorized successive petition in that court only days later. *McCain v. Anderson*, IP99-C-0720 (S. D. Ind. filed May 17, 1999). It too was dismissed and the motion to reopen the case was denied on June 14, 2000. Undissuaded, McClain then filed an unauthorized successive habeas corpus petition in this court. *McClain v. Davis*, 3:02-cv-638 (N.D. Ind. filed September 6, 2002). It too was dismissed for want of jurisdiction on March 3, 2003.

A few years later, he filed another unauthorized successive petition in the Southern District of Indiana which was dismissed on May 31, 2007. *McClain v. Finnan*, 2:07-cv-123 (S.D. Ind. filed May 25, 2007). Dissatisfied with that result, McClain filed eight letters and eight separate motions in that case from June 2007 until April 8, 2008. Having been unsuccessful at altering or amending the judgment in that case, he then filed a civil rights lawsuit attempting to challenge his conviction. *McClain v. Finnen*, 2:08-cv-192 (S.D. Ind. filed May 14, 2008). It was dismissed and his subsequent motion for relief from judgment was thereafter denied on July 30, 2008.

He then returned to filing in this court. On July 13, 2009 and August 10, 2009, he filed motions attempting to reopen a habeas corpus case that he had filed in 1981. *McClain v. Duckworth*, 3:81-cv-329 (N.D. Ind. filed September 22, 1981). Ten days after this court denied those motions, he filed another such motion on August 27, 2009. As a result, this court restricted him from further filings in that case. Nevertheless, he made three more attempts to do so. Then earlier this year, he filed yet another unauthorized

3

successive habeas corpus petition. *McClain v. Superintendent*, 1:10-cv-007 (N.D. Ind. filed January 11, 2010). After that case was dismissed, he then twice sought to obtain authorization from the United States Court of Appeals for the Seventh Circuit to file a successive habeas corpus petition. The first request was denied on February 22, 2010. *McClain v. Basinger*, 10-1360 (7th Cir. filed February 12, 2010). The next month he made the same request again. *McClain v. Basinger*, 10-1735 (7th Cir. filed March 26, 2010). As a result, the Seventh Circuit not only denied the request on March 16, 2010, it also warned him that he could be sanctioned for presenting frivolous filings.

Then he has filed this case. As the above history demonstrates, McClain is very much aware that he may not bring a successive habeas corpus petition in this court without authorization from the Seventh Circuit. He is also very much aware that he does not have that authorization. Finally, he is aware that continuing to abuse the judicial process by presenting frivolous or unauthorized filings can result in his being sanctioned.

Despite the patience of this court (as well as that of the Southern District and the Seventh Circuit), repeated attempts to explain the futility of his efforts and to dissuade him from further filings have been unsuccessful. McClain has proven himself to be undeterable even though his petitions are frivolous and his filings are abusive. The legal basis for dismissing his claims has been explained to him over and over. He has been cautioned and even restricted in limited ways, but he has continued to present frivolous filings via whatever avenues remained. Therefore, more severe sanctions are necessary.

The method for imposing such sanctions was explained by the Seventh Circuit in *Montgomery v. Davis*, 362 F.3d 956 (7th Cir. Ind. 2004).

> Accordingly, Montgomery and Sumbry are fined $ 500 each and, . . . because both Montgomery and Sumbry have received federal habeas corpus review of their current convictions, they are effectively barred from filing any civil action in the district courts until they settle their debts to the federal judicial system.
> . . .
> Finally, because this court disapproves of perpetual orders, Montgomery and Sumbry may seek modification or rescission of this order, but not before two years have passed.

*Id.* at 957-58 (citations omitted). Here, the court will not fine McClain at this time, but he will be restricted from filing any civil action in this court except for a habeas corpus challenge to a new state court conviction. That is to say, if McClain is convicted of a crime other than the one for which he is currently incarcerated, he may file one properly completed and timed habeas corpus petition challenging the new state court conviction. Nevertheless, if McClain attempts to circumvent this or any other restriction order, he may be fined in the future. The clerk of this court will be directed to note on the docket any attempted filings in violation of this order and then to return unfiled any papers filed by or on behalf of McClain except for a notice of appeal in this case.

For the foregoing reasons, the court:

(1) **DISMISSES** this frivolous case for want of jurisdiction;

(2) **DIRECTS** the clerk to send a copy of this order to the superintendent of the facility where Joseph H. McClain is currently confined;

5

(3) **RESTRICTS** Joseph H. McClain from filing in any civil case other than a habeas corpus challenge to a new state court conviction or a notice of appeal in this case;

(4) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order;

(5) **DIRECTS** the clerk to return unfiled any other papers filed in violation of this order;

(6) **GRANTS** Joseph H. McClain leave to seek to remove this restriction after it has been in place for two years; and

(7) **ADMONISHES** Joseph H. McClain that if he attempts to circumvent this or any other restriction order, he may be fined or subjected to more severe restrictions.

**SO ORDERED**.

Date: October 22, 2010

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT